The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116
Dear Representative Vess:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act (FOIA), codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1992 Supp. 1995). In your letter, you indicate that the members of a city board of directors are considering applicants for appointment to a city planning commission. With regard to this situation, you have asked the following questions:
 1. Can the planning commission applicants be interviewed in executive session?
 2. Does Opinion No. 96-269, regarding the appointment of a member of the city board of directors, also pertain to the planning commission position since neither can be construed as the "top administrative position"?
 3. What is the definition of "public officer," as used in A.C.A. § 25-19-106(c)(1).
It is my opinion that the city board of directors may meet in executive session to consider the appointment of a person to the planning commission; however, an applicant may not be interviewed in executive session.
Question 1 — Can the planning commission applicants be interviewed inexecutive session?
Arkansas Code Annotated § 25-19-106 (Repl. 1992) provides in part:
 (c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
 (2)(A) Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved, and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.
 (B) Any person being interviewed for the top administrative position in the public agency, department, or office involved may be present at the executive session when so requested by the governing board, commission, or other public body holding the executive session.
Accordingly, only the person being interviewed for the "top administrative position in the public agency, department, or office involved" may be interviewed in an executive session. This office has opined that applicants for the "Commissioner of Correction" may be interviewed in executive session of the Board of Correction (Op. Att'y Gen. No. 76-141) and that possible appointees to fill a vacancy in the office of county judge may be interviewed in an executive session held by a county quorum court (Op. Att'y Gen. No. 79-140). In Opinion No. 96-269
(copy enclosed), this office concluded that "each of the foregoing opinions involved interviews of candidates for the `top administrative position' in the agency, and thus the presence of the interviewee in the executive session was clearly permitted under § 25-19-106(c)(2)(B)."
In Opinion No. 96-269, I opined that even a candidate to fill a vacancy on the city board of directors may not be interviewed in executive session by the board of directors. I concluded that the city manager holds the "top administrative position" in a city operating under the city manager form of government. Similarly, it is my opinion that a member of a planning commission clearly does not hold the "top administrative position" in a city operating under the city manager form of government; therefore, the city board of directors is not authorized pursuant to A.C.A. § 25-19-106(c)(2)(B) to interview applicants for the positions in executive session.
Question 2 — Does Opinion No. 96-269, regarding the appointment of amember of the city board of directors, also pertain to the planningcommission position since neither can be construed as the "topadministrative position"?
Please see my response to Question 1.
Question 3 — What is the definition of "public officer," as used inA.C.A. § 25-19-106(c)(1).
It should be noted initially that the term "public officer," as it appears in A.C.A. § 25-19-106, has not been defined by the legislature, and thus this office cannot provide a controlling definition of a term where the legislature has not seen fit to provide one. Professor John Watkins, the leading scholarly commentator on the Arkansas FOIA, has commented that "it is clear that elected or appointed public officials" fall within the statutory definition. John Watkins, Arkansas Freedom ofInformation Act 241 (2d ed. 1994). Similarly, this office has commented that the county judge and elected county officials are "public officers."See Op. Att'y Gen. Nos. 83-155 and 79-140.
Because your letter refers to applicants for membership on a city planning commission, I assume that you are principally concerned with the issue of whether a member of the planning commission is considered a "public officer" for purposes of A.C.A. § 25-19-106. In Opinion No. 96-016
(copy enclosed), this office opined that as a general matter an executive session may be held in order to consider the appointment of a person to a city board or commission. We concluded that the appointment of a public official clearly falls within the exemption for personnel matters, A.C.A. § 25-19-106(c)(1).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh